**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 05-130-C**

**KIMBERLY MIRACLE, ET AL.,**                                              **PLAINTIFFS,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**BULLITT COUNTY, KENTUCKY, ET AL.,**                          **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court upon the joint status report of the parties (R. 63).  Two claimants, John P. Burk and Todd Mettling, Jr., have appealed the denial of their claims (R. 59, 60).  The court will affirm the decisions of the claims administrator and deny their claims because the claimants do not qualify as members of the class.

**I. John P. Burk**

The claimant John P. Burk admits that he was arrested for public intoxication and possession of a controlled substance, "zanax [sic]," in 2004 or 2005.  He was strip-searched and inducted into the Bullitt County Detention Center.  Appealing the denial of his claim, Burk contends that because he was not arrested for a violent offense and was not convicted of the drug-related offense, his strip-search was unlawful, and he deserves compensation.  *See* R. 59, 61.

In this suit, the class consists of "all persons who were arrested for any qualifying non-violent, non-drug related misdemeanor offense, and were strip-searched at the Bullitt County Detention Center ("the Jail") from March 2, 2004,

to the present, when there existed no basis for a reasonable, individualized suspicion that they were carrying or concealing weapons or contraband." R. 47. As he admits, Burk was arrested, in part, for a drug-related misdemeanor. It is immaterial to the legality of the strip-search at the Jail whether he was subsequently convicted or acquitted of the drug-related misdemeanor, or whether that charge was dismissed. Because he was booked on a drug-related charge, John P. Burk does not qualify to be a member of the class, and his claim must be denied.

**II. Todd Mettling, Jr.**

The claimant Todd Mettling, Jr. was twice inducted into the Jail during the subject period: once in December 2005, and again in February 2008. *See* R. 62. Appealing the denial of his claim, he argues that both strip-searches were illegal.

Mettling, Jr.'s arrest in December 2005 was for reckless driving, driving under the influence (4th offense), fleeing (1st degree), trafficking in marijuana (1st offense), possession of drug paraphernalia (1st offense), possession of a controlled substance, and tampering with physical evidence. *See id.* Because most of these offenses are felonies,[1] and the class of plaintiffs in this suit includes only those charged with misdemeanors, the strip-search of Mettling, Jr. in December 2005 does not place him in the class involved in the action.

In February 2008, Mettling, Jr. was arrested again, this time for a variety of

---

[1]*See, e.g.*, Ky. Rev. Stat. Ann. §§ 520.020, 524.100 (2009).

traffic offenses, all misdemeanors.[2]  He was booked in the Jail and underwent a

strip-search, which he claims was unlawful.

Routine strip-searching of pre-trial detainees is not a *per se* violation of

the Fourth Amendment prohibition against unreasonable searches and seizures.

*See Mills v. City of Barbourville*, 389 F.3d 568, 578 (6th Cir. 2004) (citing *Bell v.*

*Wolfish*, 441 U.S. 520, 559 (1979)).  Yet "a strip-search of a person arrested for

a traffic violation or other minor offense not normally associated with violence and

concerning whom there is no individualized reasonable suspicion that the arrestee is

carrying or concealing a weapon or other contraband, is unreasonable."  *Masters v.*

*Crouch*, 872 F.2d 1248, 1255 (6th Cir. 1989).  By February 2008, however,

Mettling, Jr. had a history of arrests for drug-related and other felonies, including

but not limited to his arrest and booking in the Jail in December 2005.[3]  Whether or

not the officials at the Jail in February 2008 remembered or knew about the

December 2005 arrest, recognized the defendant personally, intended Mettling, Jr.

---

[2]Bullitt County records indicate that Mettling, Jr. was charged with failure to wear seat belts, reckless driving, driving on license suspended due to a previous DUI charge (1st offense), no/expired registration plates, no/expired registration receipt, failure of non-owner operator to maintain required insurance (1st offense), and operating on a suspended/revoked operators license.  *See* R. 62.

[3]Before 2005, Mettling, Jr. was convicted of multiple crimes, including operating a motor vehicle under the influence of alcohol or drugs, probation violation, public intoxication, and identity theft.  His record also reveals drug-related charges in 2006 which were not discussed by the parties, but lend further weight to "individualized, reasonable suspicion" present in 2008.  *See* R. 60.

to be intermingled in the general population of the Jail,[4] or strip-searched him as a matter of routine, "institutional convenience,"[5] Mettling, Jr. had a "history that indicat[ed] possession or manufacturing of contraband."[6]  Mettling Jr.'s criminal background, which included charges of possessing and trafficking drugs, was a basis for "a reasonable, individualized suspicion" that he was "carrying or concealing…contraband."  R. 47.  Therefore, concerning both the December 2005 and February 2008 strip-searches, Todd Mettling, Jr. falls outside the definition of the class in this suit.  Accordingly,

**IT IS ORDERED** that the decisions of the claims administrator are **AFFIRMED** and the claims of John P. Burk and Todd Mettling, Jr. are **DENIED**.

**IT IS FURTHER ORDERED** that within fifteen (15) days from the date of entry of this order, the parties shall file a joint status report advising whether all claims can be dismissed, and whether they should be dismissed with or without prejudice.

Signed on  July 24, 2009

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**

---

[4]*See generally Masters*, 872 F.2d at 1254-55 (discussing intermingling in the balancing of privacy interests with institutional security).

[5]*Id.* at 1254 (citing *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1272 (7th Cir. 1983)).

[6]*United States v. Warfield*, 2006 WL 3193707, *2 (W.D. Ky. 2006).